# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORWIN DALLAS FOUR STAR,<br><br>    Petitioner,<br><br>    v.<br><br>RAFAEL ZUNEGA,<br><br>    Respondent. | Case No. 1:15-cv-00261-SAB-HC<br><br>ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 6 & 7).

## I.

## BACKGROUND

In the instant petition filed on February 12, 2015, Petitioner challenges his 2013 conviction sustained in the United States District Court for the District of Montana- Great Falls Division for sexual intercourse without consent, sexual abuse, and aggravated sexual abuse. (Pet., ECF No. 1). Petitioner admits that he has a pending motion pursuant to 28 U.S.C. § 2255 with respect to this conviction in the United States District Court for the District of Montana. (Pet. at 2-3). Petitioner alleges that he received ineffective assistance of counsel because his counsel did not advise him of a United States Attorney's Office and FBI policy that was relevant

to his case, file a Speedy Trial Act motion, investigate and discover Petitioner's diminished capacity and advise him adequately in light of his diminished capacity, file a notice of appeal and a motion for post-conviction relief of his prior theft offense which was used to enhance his sentence and would have been used to impeach Petitioner if he testified at trial in the present case and, object to the 3 point sentence enhancement that was attached to the plea agreement after the deadline for withdrawing from the plea agreement had passed.  (Pet. at 3-5).

## II.

## DISCUSSION

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988); see also Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006), *cert. denied*, 549 U.S. 1313 (2007); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983); In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981).  In such cases, only the sentencing court has jurisdiction. Tripati, 843 F.2d at 1163. In general, a prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241 in the district where the petitioner is in custody. Stephens, 464 F.3d at 897; Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000) (per curiam); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921

F.2d 476, 478-79 (3rd Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987).

Petitioner's claims involve ineffective assistance of counsel and relate to the constitutionality of his guilty plea, and therefore, are a direct challenge to Petitioner's conviction, not to the execution of his sentence. In fact, Petitioner has raised the exact same claims in his pending motion under 28 U.S.C. § 2255.

"The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens, 464 F.3d at 897 (citations omitted). Therefore, the proper vehicle for challenging a conviction is a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255.

Nevertheless, a "savings clause" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir. 1997) (quoting § 2255); see Hernandez, 204 F.3d at 864-65. The Ninth Circuit has recognized that it is a very narrow exception. Ivy v. Pontesso, 328 F.3d 1057, 59 (9th Cir.) (as amended), cert. denied, 540 U.S. 1051 (2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under that section is procedurally barred. See Aronson v. May, 85 S.Ct. 3, 5 (1964) (finding that a prior § 2255 motion is insufficient to render § 2255 inadequate); Tripati, 843 F.2d at 1162-63 (holding that a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th Cir. 1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir. 1956).

The Ninth Circuit has acknowledged that petitioners may proceed under Section 2241 pursuant to the "savings clause," because Section 2255 is inadequate, when the petitioner claims to be: "(1) factually innocent of the crime for which he has been convicted; and, (2) has never had an 'unobstructed procedural shot' at presenting this claim." Ivy, 328 F.3d at 1059-60 (citing Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000)); see also Stephens, 464 F.3d at 898. In

explaining that standard, the Ninth Circuit stated:

> In other words, it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion.

Ivy, 328 F.3d at 1060. The burden is on the petitioner to show that the remedy is inadequate or ineffective. See Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

In the present case, Petitioner is not entitled to avail himself of the savings clause. He has a pending § 2255 motion in the sentencing court which is his first § 2255 motion and includes the same claims that he raises in the instant petition. Therefore, Petitioner has had an unobstructed procedural opportunity to present his claims. Petitioner's § 2255 motion was filed on February 11, 2015, and therefore, less than a month prior to the instant § 2241 petition. There appears to be no viable argument for him to make as his § 2255 motion remains pending.

Motions pursuant to § 2255 must be heard in the sentencing court. 28 U.S.C. § 2255(a); Hernandez, 204 F.3d at 864-65. Because this Court is only the custodial court and construes the Petition as a §2255 motion, this Court lacks jurisdiction over the petition. See Hernandez, 204 F.3d at 864-65. Therefore, the petition must be dismissed without prejudice.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE; and
2. The Clerk of Court is DIRECTED to enter judgment and close the case.

IT IS SO ORDERED.

Dated:  **March 11, 2015**

_____
UNITED STATES MAGISTRATE JUDGE